UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY LOWE,

    Plaintiff,

v.                                                           Case No. 08-15186

MICHAEL COX, et al.,

    Defendants.

                                                      /

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Stanley Lowe, a state inmate currently incarcerated at the G. Robert Cotton Correction Facility in Jackson Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court will summarily dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

On December 17, 2008, Plaintiff filed the instant action against Defendants Michael Cox, Michigan Attorney General; Jay B. Rising, Michigan State Treasurer; Patricia Caruso, Director of the Michigan Department of Corrections; and Michael R. Smith, Hillsdale County Circuit Court Judge. In his Complaint, Plaintiff alleges that Defendants have confiscated ninety percent of his income in violation of federal and state constitutions and laws. (Pl.'s Compl. at 3.) Plaintiff receives monthly income in the form of long-term disability payments from the State of Michigan, paid by third-party administrator, Citizens Management, Inc. (Pl.'s Compl. Attach. "Final Order.")

Pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), Mich. Comp. Laws §§ 800.401, *et seq.*, Defendant State Treasurer Rising filed a state court action against Plaintiff in Hillsdale County Circuit Court, which Plaintiff attached to his Complaint.  Under SCFRA,

> if it appears that [a] prisoner has any assets which ought to be subjected to the claim of the state under this act, the court shall issue an order requiring any person . . . having custody of those assets to appropriate and apply the assets or a portion thereof towards reimbursing the state as provided for under this act.

Mich. Comp. Laws § 800.404(3).  The term "'[a]ssets' means property . . . including income or payments to [a] prisoner from social security, worker's compensation, veteran's compensation, pension benefits, previously earned salary or wages, bonuses, annuities, retirement benefits, or from any other source whatsoever," Mich. Comp. Laws § 800.401a, and is used for the purposes of paying a prisoner's cost of care while incarcerated,  Mich. Comp. Laws § 800.404(8), not to exceed ninety percent of a prisoner's assets, Mich. Comp. Laws § 800.403(3).  Defendant Judge Smith accordingly entered an order authorizing the appropriate officials to secure reimbursement from Plaintiff for his cost of care while in the correctional facility, not to exceed ninety percent of Plaintiff's assets.  *State Treasurer v. Lowe, et al.*, No. 08-472-CZ (Mich. Cir. Ct. Sept. 26, 2008) ("State Court Order").  Plaintiff attached the State Court Order and other state court pleadings and orders to his Complaint.

Plaintiff requests injunctive relief from this court and restitution of the funds previously confiscated from him, including interest.  (Pl.'s Compl. at 3.)

2

## II. STANDARD

Civil rights complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

## III.  DISCUSSION

In his Complaint, Plaintiff alleges that Defendants have illegally confiscated his payments from long-term disability benefits for the payment of his cost of care while incarcerated.  (Pl.'s Compl. at 3.)  However, Plaintiff also attaches several pleadings and court orders from a state court proceeding.  These proceedings terminated in Defendant Judge Smith's State Court Order, which ordered the reimbursement by Plaintiff for his cost of care, not to exceed ninety percent of his monthly income, pursuant to SCFRA.  *State Treasurer v. Lowe, et al.*, No. 08-472-CZ (Mich. Cir. Ct. Sept. 26, 2008); (Pl.'s Compl. Attach. "Final Order.").

Because Plaintiff now seeks to recover the funds which were explicitly the subject of the state court adjudication and the State Court Order, the court must examine whether the *Rooker-Feldman* doctrine bars Plaintiff's instant suit.  Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions.  *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine).  The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257.  *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002).  The Supreme Court reaffirmed the doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), holding that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-

4

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 282-86.  Furthermore, the Sixth Circuit has held that the *Rooker-Feldman* doctrine applies to the orders of lower state courts.  *Pieper v. American Arbitration Ass'n*, 336 F.3d 458, 462 (6th Cir. 2003).

Plaintiff's action fundamentally appeals the State Court Order, which Defendant Judge Smith made pursuant to SCFRA.[1]  This is precisely the situation in which *Rooker-Feldman* precludes a federal district court review of a state court decision.  *See Exxon Mobil Corp.*, 544 U.S. at 293.  Here, the State Court Order, and successive actions taken in pursuance of it, constitute the exact injury of which Plaintiff complains.  *See id.*; (Pl.'s Compl. at 3).  Plaintiff seeks restitution of the specific funds which the State Court Order authorized Defendants to secure for purposes of reimbursement of Plaintiff's cost of care and injunction against further confiscation of the funds.  (Pl.'s Compl. at 3.) Plaintiff was the "state-court loser[]" and now seeks to appeal in federal district court.

---

[1] The Sixth Circuit has held in certain circumstances that the anti-alienation provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, preempt SCFRA.  *DaimlerChrysler Corp. v. Cox*, 447 F.3d 967 (6th Cir. 2006) (holding that ERISA's anti-alienation provision preempts SCFRA's provision requiring a prison warden to notify a pension plan fiduciary to redirect pension payments to a prisoner's prison address), *cert. denied*, --- U.S. ---, 127 S.Ct. 2197 (2007).  *But see State Treasurer v. Abbott*, 660 N.W.2d 714 (Mich. 2003) (holding that ERISA does not preempt SCFRA), *cert. denied*, 540 U.S. 1112 (2004).  However, the Sixth Circuit stated that its decision did not render "the state incapable of seeking reimbursement using a prisoner's pension benefits."  *DaimlerChrysler Corp.*, 447 F.3d at 976.

In any event, the Sixth Circuit's cases involving ERISA do not foreclose *Rooker-Feldman*'s application in the instant case because an ERISA-covered employer did not pay Plaintiff's disability payments; the State of Michigan, which is exempted from ERISA privisions, paid Plaintiff's benefits.  29 U.S.C. §§ 1002(32), 1003(b)(1); (Pl.'s Compl. Attach. "Final Order").  Consequently, ERISA's preemptive capabilities do not affect SCFRA's application to Plaintiff, and do not preclude the court from undertaking an ordinary *Rooker-Feldman* analysis.

*See Exxon Mobil Corp.*, 544 U.S. at 293.  The *Rooker-Feldman* doctrine, however, acts as a bar to this court's jurisdiction to hear Plaintiff's Complaint, and therefore this court lacks the subject-matter jurisdiction to hear Plaintiff's Complaint.  *See Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Tropf*, 289 F.3d at 936.

Because this court lacks subject-matter jurisdiction over Plaintiff's claim, Plaintiff cannot maintain even an arguable basis for subject-matter jurisdiction, as required to survive the court's screening under § 1915(e).  Without subject-matter jurisdiction, § 1915(e)(2) requires the court to screen and to dismiss Plaintiff's Complaint because he has failed to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604 (6th Cir. 1997).  Accordingly, the court will dismiss Plaintiff's Complaint pursuant to § 1915(e)(2).

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the Plaintiff's Complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the "Order directing service without prepayment of cost and authorizing US Marshal to collect costs after service is made" [Dkt. # 4] is VACATED as moot.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  December 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 31, 2008, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-15186.LOWE.Dismiss.Lack.Jurisdiction.Michigan.SCFRA.Rooker-Feldman.ljd.wpd